## COMMONWEALTH *vs.* JAMES M. HARMON.

The omission, in an indictment for a libel, of the date and signature at the end of the libel, not affecting the meaning, is not a variance.

An exception to the admission in evidence, on the trial of an indictment for libel, for the purpose of proving malice, of other libellous publications, previously and subsequently made by the defendant concerning the same person, cannot be sustained, unless the libels offered in evidence appear by the bill of exceptions to have been materially different from the libel set forth in the indictment.

INDICTMENT for publishing in the Medical Expositor, a newspaper published in Lowell, a libel " of and concerning Andrew M. Smith, and of and concerning the supposed treatment of the said Smith's female patients, containing divers false, scandalous, malicious and defamatory matters and things of and concerning the said Andrew M. Smith, according to the tenor following : " The libel was then set forth in the indictment.

Trial in the court of common pleas, before *Perkins,* J. who signed the following bill of exceptions:

" The Commonwealth offered in evidence the publication purporting to be libellous, as set forth in the indictment, except that added to it were the following words and figures: ' Lowell, Feb. 3d '53.' ' T. R.' The defendant objected to the introduction of the publication, because of a variance in not setting forth the whole, and because the words and figures aforesaid were not set forth in the indictment. The court overruled the objection, and admitted the evidence.

" The Commonwealth also offered various other libellous publications made by the defendant, concerning the person alleged to be libelled, both before and after the publication for which the indictment was found, to prove malice in the defendant; to which the defendant objected. The court overruled the objection, and admitted the testimony."

The jury found the defendant guilty, and he alleged exceptions to the foregoing rulings.

*J. G. Abbott,* for the defendant. 1. There was a variance between the indictment and the proof. A libel must be set out according to its tenor; and where the whole article purports to be given, the date and signature are material; they serve to identify the paper and writer; and the date itself is *prima facie* evidence of its publication at the place of date. 1 Greenl. Ev. §§ 56–58. 3 Greenl. Ev. § 167. 3 Stark. Ev. (4th Amer. ed.) 1545. 2 Stark. Ev. 853. *Commonwealth* v. *Stow,* 1 Mass. 54. *The King* v. *Burdett,* 4 B. & Ald. 95.

2. On the trial of an indictment for libel, when no justification is attempted, other distinct libels are not admissible in evidence for the purpose of proving malice; if the publication is a libel, the law presumes it to be malicious, in the absence of a justification. *Thomas* v. *Croswell,* 7 Johns. 264. *Bodwell* v. *Swan,* 3 Pick. 376. *Watson* v. *Moore,* 2 Cush. 133. *Taylor* v. *Kneeland,* 1 Doug. (Mich.) 75, 76. *Mix* v. *Woodward,* 12 Conn. 292. *White* v. *Nicholls,* 3 How. 266. *Stuart* v. *Lovell,* 2 Stark. R. 93. *Pearce* v. *Ornsby,* 1 Mood. & Rob. 455. 3 Greenl. Ev. § 168. By permitting other libels, published by the defendant, to be

given in evidence, his rights were prejudiced; he had no notice of, and therefore no opportunity to meet, any such proof. If such publications were admissible, a trial on each publication would be necessary, to settle the question whether it was justifiable; for, if justifiable, it could have no proper influence on the subject of malice.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

MERRICK, J.   When the publication of a written or printed instrument, statement or representation, is made the basis of civil or criminal proceedings against its author or publisher, it ought to be set out in the complaint or declaration, not only with substantial, but with literal accuracy and precision.   *Commonwealth* v. *Wright,* 1 Cush. 63.   In the indictment against the defendant, this rule is carefully observed, and the charge preferred against him is stated in conformity to it.   It alleges that the printed matter, of the publication of which it accuses him, is according to the tenor of that which it particularly recites and sets forth.   In such a description of the alleged defamatory matter, every part operates by way of description of the whole, and the libel proved cannot be the same with that which is the subject of the prosecution, when they vary as to any part, however unimportant.   3 Stark. Ev. (4th Amer. ed.) 1546.   The objection, therefore, to the introduction of the evidence offered on the part of the Commonwealth, upon which the defendant insisted, ought to have been sustained, if in fact there was a variance between the publication which that evidence tended to prove and the alleged libellous matter set out in the indictment.

It appears, upon examination and comparison of the two, that the only difference between them consists in this; that to the printed matter offered in evidence there are appended words and figures, constituting a date or memorandum of the time and place where it purports, or may be supposed, to have been prepared or published, and a fictitious mark or signature; while nothing of that kind is averred in the indictment.   But this difference is unimportant and immaterial, and shows no variance between the libel alleged and the libellous publication offered in

evidence to prove it. It is not necessary to set forth the whole of the paper in which the libellous matter is contained; but that part may be selected, which is most offensive. 3 Chit. Crim. Law, 875. It is no variance, though the libel read in evidence contain matter in addition to that set out on the record, provided the additional part does not, by its context or connection, alter the sense of that which is recited. A date, or memorandum of time and place, appended to a publication, when used in such a way that it has no tendency to vary, modify or affect the sense of the language which precedes it, is immaterial, in reference to the question of its defamatory character, and need not be set out upon the record. 2 Stark. Ev. 858, 859. It has not been suggested that the date affixed to the article complained of in the present case could in any way have changed or affected the meaning of the words which preceded it; and therefore the objection of variance relied on by the defendant cannot be sustained.

It is true, as is urged by his counsel, that the date may serve as proof tending to identify the paper complained of, the writer of it, and the place of its publication. And if it had been set out and stated in the indictment, it would then have been made to constitute an essential part of the description of the offence charged against the defendant; and must have been proved strictly and exactly as laid. 1 Greenl. Ev. § 56. But if not thus set out and averred, the prosecutor might still have availed himself of it in evidence, for the purpose of furnishing proof to the jury of the time and place at which the libel was written or printed and published. And this, and this only, is the effect and substance of all that is decided in the several cases cited by the counsel for the defendant.

For similar reasons, the omission to set out in the indictment the initials signed to the libel proved is immaterial, and constituted no variance.

2. When a guilty knowledge upon the part of a defendant is to be proved, the prosecutor is allowed to give in evidence other instances of his having committed an offence similar to that for which he is indicted. And nearly the same rule applies and

prevails when it is requisite to prove that the act charged was done maliciously. Archb. Crim. Pl. (5th Amer. ed.) 110, 111. In civil actions for defamation, the plaintiff is always allowed, for the purpose of showing the malice of the defendant, to give evidence of his utterance of other words besides those set out in the declaration. *Rustell* v. *Macquister*, 1 Campb. 49. And the same principle is recognized as applicable to criminal prosecutions for libellous publications. When the material question is, whether the defendant was justified by the occasion, or acted from express malice, any circumstances are admissible, which can elucidate the transaction, and enable the jury to conclude whether he acted honestly, or vindictively, for the purpose of causing evil consequences. 2 Stark. Sland. 55. Rosc. Crim. Ev. (2d ed.) 606, 607. *Stuart* v. *Lovell*, 2 Stark. R. 93. But in relation to this species of evidence, the prosecutor must be confined, according to the recognized practice and course of judicial decisions in this commonwealth, to the proof of libellous and defamatory publications and statements of the same kind as those of which the defendant is accused in the particular proceeding then pending against him. *Watson* v. *Moore*, 2 Cush. 133. We do not perceive that, upon the trial of this indictment, there was any disregard of this rule. We cannot go beyond the facts reported in the bill of exceptions; and that does not show that any publications, differing in any material respect from the words and import of the alleged libel set out in the indictment, were given in evidence. And in the absence of any statement to that effect, we are certainly not to presume, from the general expression, that other libellous publications, made by the defendant concerning the person alleged to be libelled, were given in evidence to prove malice, that they contained any defamatory representations different from that which was the cause and subject of the prosecution.

*Exceptions overruled.*